## MATTER OF ZAMPETIS

### In Section 245 Proceedings

### A-19593726

*Decided by Regional Commissioner April 19, 1972*

Where an alien was admitted to the United States as the nonimmigrant fiance of a U.S. citizen, intending in good faith to marry the citizen petitioner, and the latter had filed the petition in good faith but subsequently had an honest change of mind and did not marry the alien, the alien is not precluded from applying for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, on the basis of his marriage to another U.S. citizen.

The District Director approved the application and certified this case to me for review and final decision.

The applicant is a native and citizen of Greece born July 30, 1945. He was last admitted to the United States on March 20, 1971, as a fiance pursuant to an approved visa petition filed by a United States citizen under the provisions of section 214(d) of the Act, as amended. The petitioner declined to marry the applicant as required by that section of the law. Applicant did marry another citizen of the United States at Cleveland, Ohio, on June 13, 1971. His wife's petition to classify him as an immediate relative under section 201(b) of the Act was approved on June 19, 1971.

The District Director had a careful investigation conducted to determine the pertinent facts attending the filing of the fiance petition in order to ascertain whether or not there was any fraud, material misrepresentation, or any other attempt to circumvent or violate the immigration laws in connection therewith. The results of the investigation are well set forth in his decision. Suffice it to say that the investigation established that the applicant at all times intended to marry his fiancee petitioner; that the latter had an honest change of mind; and that applicant's present marriage is a stable one.

It appears the District Director had some question regarding the approval of the application for status as permanent resident because of one of the provisions of section 214(d) which reads as follows:

125

> In the event the marriage with the petitioner does not occur within three months after the entry of the said alien and minor children, they shall be required to depart from the United States and upon failure to do so shall be deported in accordance with sections 242 and 243.

The question is a reasonable one in light of this provision of section 214(d).

Section 242 sets forth the procedures for determining in formal administrative proceedings the deportability of an alien in the United States. Section 243 sets forth the procedure for the execution of an order of deportation entered pursuant to section 242. Section 241(a) of the Act lists the classes of aliens in the United States who, upon the order of the Attorney General, *shall* be deported (emphasis supplied).

However, all deportable aliens in the United States are not deported. Under section 244 of the Act the Attorney General may, in his discretion, suspend deportation in certain cases and adjust the status to that of an alien admitted for permanent residence. Under section 249 of the Act the Attorney General, as a matter of discretion, may create a record of lawful admission for permanent residence in the cases of certain aliens who are subject to deportation. Thus it is clear that Congress in providing for the deportation of certain classes of aliens also provided under certain circumstances, in the interest of fair and reasonable administration and enforcement of the immigration laws, that some of these deportable aliens be permitted to become permanent residents of the United States.

Section 245 of the Act is another section of immigration law which Congress has enacted for this purpose. The applicant is statutorily eligible for status as a permanent resident under section 245 because he has been inspected and admitted into the United States, he is eligible to receive an immigrant visa and is admissible to the United States, and an immigrant visa is immediately available to him. This being so, all that remains to be decided is whether the application should be approved as a matter of discretion. I find, as did the District Director, that on this record such approval is warranted.

ORDER: It is ordered that the application be and the same is hereby approved.